UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DEIONE DANIELS** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO. 23-4202** |
| **PROGRESSIVE PROPERTY INSURANCE COMPANY** | * | **SECTION L** |

**ORDER & REASONS**

Before the Court is Defendant Progressive Property Insurance Company's ("Defendant") 12(b)(1) Motion to Dismiss for Lack of Jurisdiction. R. Doc. 8. Plaintiff Deione Daniels ("Plaintiff") has not filed any opposition. Having considered the briefing and the applicable law, the Court rules as follows.

## I. BACKGROUND & PRESENT MOTION

This case arises from alleged damage to Plaintiff's property in Destihan, Louisiana caused by Hurricane Ida. R. Doc. 1 at 2. Plaintiff asserts a cause of action under La R.S. §§ 22:1892 and 22:1973 and a breach of contract claim. *Id.* at 4-6. According to Plaintiff, Defendant as insurer of the property violated the bad faith statutes by failing to timely tender proceeds. *Id.* at 6. Plaintiff filed suit on August 25, 2023. *Id.* Defendant responded by filing the instant 12(b)(1) Motion to Dismiss, arguing that both Plaintiff and Defendant are residents of Louisiana, and accordingly the Court lacks jurisdiction. R. Doc. 8-1 at 1-2. In the Complaint, Plaintiff acknowledges that both parties are Louisiana residents, but then states that jurisdiction is invoked "pursuant to 28 U.S.C. § 2201 as well as 28 U.S.C. § 1332(a), as there is complete diversity of citizenship between Plaintiff and Defendant." R. Doc. 1 at 1.[1]

---

[1] 28 U.S.C. § 2201 addresses declaratory judgment proceedings and accordingly the Court will not discuss it further and decides this motion on diversity grounds.

## II.  APPLICABLE LAW & ANALYSIS

On a motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), it is Plaintiff's burden to demonstrate that jurisdiction exists. *See Howry v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) ("[T]he burden of establishing federal jurisdiction rests on the party seeking the federal forum."). "In examining a Rule 12(b)(1) motion, the district court is empowered to consider matters of fact which may be in dispute." *Ramming v. U.S.*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)). "Ultimately, a motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." *Id.* (citing *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998)).

Plaintiff asserts that both parties to this suit are Louisiana residents. Plaintiff has also failed to respond in opposition to this 12(b)(1) Motion to Dismiss. Accordingly, the Court finds that the parties to this suit are not diverse and the Court lacks subject matter jurisdiction to adjudicate this matter.

For the foregoing reasons, Defendant's 12(b)(1) Motion to Dismiss is GRANTED.

New Orleans, Louisiana, this 15th day of December, 2023.

                                                     *[signature]*
                                                    United States District Judge